UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL HOWARD REED,            )<br>                                                          )<br>             Petitioner,              )<br>v.                                                    )        Case No. 2:15-cv-00212-JMS-MJD<br>                                                          )<br>LEANN LARIVA,                          )<br>                                                          )<br>             Respondent.             ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition. This conclusion rests on the following facts and circumstances:

1. Michael Howard Reed is confined in this District and challenges his convictions in the United States District Court for the District of North Dakota for possessing a firearm and ammunition while he was a fugitive from justice entered in No. 4:09-cr-00076-DLH-1. *See United States v. Reed*, 636 F.3d 966 (8th Cir. 2011); *United States v. Reed*, 2010 WL 99128 (D.N.D. January 5, 2010).

2. Reed seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, invoking the savings clause of 28 U.S.C. § 2255(e). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

3. The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

4. Reed was notified of these requirements and given a period of time in which to supplement his petition for writ of habeas corpus by showing that the foregoing requirements can be met. He has filed two responses, most recently the response filed on September 23, 2015, each of which has been considered along with the original petition for writ of habeas corpus.

5. Reed has not addressed the requirements highlighted in paragraph 3 of this Entry, but argues instead that there is a jurisdictional defect in the proceedings which resulted in his conviction. However, his claims that he was not charged and that the trial court lost jurisdiction are frivolous. PACER records show that an Indictment was returned on September 24, 2009 in No. 4:09-cr-0076-DLH-1. Omitting formal portions and the allegations regarding forfeiture, the Indictment charges that:

> From in or about March 2009 through June 2009, in the District of North Dakota, MICHAEL HOWARD REED, then being a fugitive from justice from the State of Nevada, an arrest warrant having been issued on March 11, 2009, for failing to appear for a preliminary hearing as a result of pending charges of Possession of Controlled Substance with Intent to Sell and Transport of a Controlled Substance, felonies, in violation of Nevada state law, in Justice Court, Las Vegas Township, State of Nevada, Case No. 08F23387X, did knowingly possess in and affecting commerce a firearm and ammunition, that is, one Desert Eagle, Model Baby Eagle, 9mm caliber pistol, serial No. 134524; 15 rounds of Remington brand 9mm caliber ammunition and 10 rounds of E.L.D. brand 9mm caliber ammunition; In violation of Title 18, United States Code, Sections 922(g)(2) and 924(a)(2).

6. Reed's contention that an evidentiary insufficiency deprived the trial court of jurisdiction over the charges and yielded a conviction which is "void" is frivolous. *See Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III [of the United States Constitution] permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry."). As suggested in the Entry of September 2, 2015, Reed's complaint is a re-packaged challenge to the sufficiency of the evidence, and the principles he cites seeking habeas corpus relief do not post-date even his direct appeal. A jurisdictional challenge was denied prior to trial and the evidence was found sufficient in his direct appeal. Reed also claims that the trial court's loss (or lack) of jurisdiction renders a 28 U.S.C. § 2255 motion unavailable, but he cites no authority for this proposition and the proposition is contrary to established law. *See Blake v. United States,* 723 F.3d 870, 878–79 (7th Cir. 2013)(explaining that relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice").

7. Section 2241 consideration is only available when the prisoner has been denied "even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). That is not the case here. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000); *see also Swanson v. Lariva*, 2014 WL 4705396 (S.D.Ind. Sept. 22, 2014). The petitioner had that opportunity. He is not entitled to more, and this is evident from the face of his habeas petition and the public record of the convictions he challenges.

8.  Based on the foregoing, Reed has sought relief pursuant to 28 U.S.C. § 2241 in circumstances which do not permit the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  October 26, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL HOWARD REED
04414-048
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808